UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MALACIAH TRAMBLE,

          Petitioner,

    v.

STATE OF MINNESOTA,

          Respondent.

Civil No. 07-4077 (PAM/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be summarily dismissed with prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 2004, Petitioner was apprehended by the police after a high speed car chase. Petitioner was arrested and taken into custody, and his car was impounded.  The police later obtained a search warrant that allowed them to search Petitioner's car.  Upon searching the car, the police discovered a hidden handgun.  As a result, Petitioner was charged with illegal possession of a firearm.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner filed a motion in his state criminal case, seeking to suppress the evidence that the State intended to use to convict him – namely the handgun discovered in his car. Petitioner argued that the search warrant that authorized the police to search his car was invalid, because the police lacked sufficient cause to believe that the search would produce any incriminating evidence. Petitioner's argument presumably was based on the Fourth Amendment to the United States Constitution, which provides that search warrants may be issued only "upon probable cause."

The state trial court denied Petitioner's suppression motion, and a jury ultimately found him guilty of illegal possession of a firearm, based on the evidence obtained by means of the search warrant. Petitioner was sentenced to sixty months in state prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota.

Petitioner appealed his conviction to the Minnesota Court of Appeals, claiming that "because the search-warrant application did not establish probable cause, the [trial] court erred by failing to suppress the handgun found in his car." State v. Tramble, No. A05-1404 (Minn. App. 2006), 2006 WL 2255744 (unpublished opinion) at * 1, rev. denied, Oct. 17, 2006. The Court of Appeals rejected Petitioner's illegal search claim on the merits, and upheld his conviction and sentence. The Minnesota Supreme Court later denied Petitioner's application for further review. Id.

On September 25, 2007, Petitioner filed his present application for federal habeas corpus relief under 28 U.S.C. § 2254. Petitioner has presented a single claim for relief, identified as "Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure," and "no probable cause." (Petition, [Docket No. 1], p. 4, § 12.)

Petitioner apparently is attempting to present the same Fourth Amendment claim that he raised in his pre-trial suppression motion, and again in his state court appeals.[2]  For the reasons discussed below, the Court concludes that Petitioner cannot be granted habeas corpus relief on his illegal search and seizure claim, and that his petition must be summarily dismissed with prejudice.

## II. DISCUSSION

Petitioner's search and seizure claim is barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976).  There, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Id. at 482.

"[A] Fourth Amendment claim is Stone-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system."  Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994), cert. denied, 514 U.S. 1052 (1995).  See also, Poole v. Wood, 45 F.3d

---

[2] If Petitioner were attempting to present any claims other than the Fourth Amendment claim that he raised in the Minnesota state courts, those claims would have to be summarily dismissed.  Federal habeas corpus review is available only for federal constitutional claims that have been fairly presented to, and decided on the merits by, the highest available state court.  28 U.S.C. 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  The only claim that Petitioner presented to the Minnesota appellate courts was his Fourth Amendment claim, based on the alleged lack of probable cause to support the search warrant for his car. Therefore, that is the only claim for which Petitioner has exhausted his state court remedies, and that is the only claim that can be considered in the present habeas corpus proceeding.

246, 249 (8th Cir. 1995), cert. denied, 515 U.S. 1134 (1995).  "[A] 'mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process.'" Chavez v. Weber, __ F.3d __, (8th Cir. Aug. 16, 2007), 2007 WL 2323936 at *3, quoting Capellan v. Riley, 975 F.2d 67, 72 (2nd Cir. 1992).

The determination of whether there has been an "unconscionable breakdown" in a state's procedures does not require a review of the state courts' fact-finding process, or a review of the state courts' application of Fourth Amendment law.  Willett, 37 F.3d at 1272.  To the contrary, federal courts "are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation."  Id. at 1273 (emphasis in the original).  On federal habeas review, the "inquiry focuses on whether [the petitioner] received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred."  Chavez, 2007 WL 2323936 at *3.

The Court finds that the rule of Stone v. Powell is clearly applicable here.  The record shows that Petitioner had ample opportunities to present his Fourth Amendment claims in his state court proceedings.  The trial court conducted a pre-trial hearing on Petitioner's Fourth Amendment claims, and found those claims to be unsustainable.  The Minnesota Court of Appeals also reviewed Petitioner's search and seizure claims, and carefully explained why those claims were properly rejected by the trial court.  Thus, Petitioner not only had an opportunity to present his Fourth Amendment claims in the state courts, but, in fact, those claims actually were raised, considered, discussed and adjudicated on the merits, in both the trial court, and in the Minnesota Court of Appeals.  Furthermore, Petitioner had yet another

opportunity to present his Fourth Amendment claims in his petition for further review in the Minnesota Supreme Court.

In <u>Poole</u>, <u>supra</u>, the Eighth Circuit Court of Appeals found that Minnesota law provides ample opportunities for a Minnesota state criminal defendant to raise Fourth Amendment challenges. 45 F.3d at 249. This Court makes the same finding here. Therefore, in this case, as in <u>Poole</u>, Petitioner may not "relitigate" his Fourth Amendment claims in a federal habeas proceeding. <u>Id</u>.

## III.  CONCLUSION

The Court concludes that Petitioner did receive a full and fair opportunity to present his Fourth Amendment claims in the Minnesota state courts, and, accordingly, <u>Stone v. Powell</u> precludes him from seeking federal habeas review of those claims. The Court will therefore recommend that the instant petition be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

Having determined that Petitioner's current claims cannot be entertained in this action, and that the action must be summarily dismissed, the Court will further recommend that Petitioner's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be summarily denied. <u>See</u> <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per</u> <u>curiam</u>) (IFP application should be denied where habeas claims cannot be entertained).

## III.  RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

(1)  Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be **DENIED**;

5

(2)  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be

**DENIED**; and

(3) This action be **DISMISSED WITH PREJUDICE**.


DATED: September 27, 2007                    s/Jeanne J. Graham

                                             _____
                                             JEANNE J. GRAHAM
                                             United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by October 17, 2007.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.